UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


**Ralf Keller**,
                    *Plaintiff*,


vs.


**Chippewa County Board of Commissioners**
**and Chippewa County Sheriff's Department**
                    *Defendants.*
_____/
Frank G. Becker (P25502)
Attorney for Plaintiff
18501 West 10 Mile Road
Southfield Michigan 48075
248-789-2437
frankgbecker@yahoo.com
_____/

## **COMPLAINT**

NOW COMES Plaintiff, **Ralf Keller**, by and through his attorney, Frank

G. Becker, and brings this action pursuant to Title II of the Americans with

Disabilities Act ("ADA") (***42 U.S.C. § 12131*** et seq.) and Section 504 of the

Rehabilitation Act of 1973 (***29 U.S.C. § 794*** et seq) to redress the deprivation of

his rights secured by the laws of the United States. Monetary and injunctive relief

are requested in this Action. In support of this Complaint, Plaintiff asserts as

follows:

   1.   A.)  Plaintiff, **Ralf Keller**, is a citizen of the United States, and currently

resides within his private residence located in Sault Ste Marie Michigan. At the time

of the incidents creating this cause of action herein, Plaintiff was a prehearing

detainee, based on non-violent charges, in the Chippewa County Jail for a three (3)

day period.   Plaintiff is no longer an inmate of any penal institution.

B.)  Plaintiff, **Ralf Keller**, is, and was at all relevant times herein,

significantly disabled as his left leg was necessarily amputated slightly below his

knee and Plaintiff, Ralf Keller, also suffered from severe chronic obstructive

pulmonary disease (Hereinafter COPD) requiring the use of devices, including

inhalers, to support his breathing. Based on these conditions and his general poor

health, Plaintiff and has been determined to be fully disabled by the United States

Social Security Administration.

C.)  Plaintiff's disabilities render him in constant and essential need of his

prosthetic leg and an inhaler device. Pursuant to Title II of the ADA, Plaintiff,

Ralph Keller, is a "a qualified individual with a disability" as defined by *42 U.S.C.*

*§ 12102*. who, despite such disability is entitled to full access and participation and

"not to be discriminated against by such entity." *42 U.S.C. § 12132*; *42 U.S.C. §*

*12102* and *29 C.F.R. § 1630.2*.  The Plaintiff's physical disabilities substantially

limits, at a minimum, his major life activities of breathing, standing, walking,

moving, lifting, carrying, balancing and bending. Consequently, it is necessary for

Plaintiff, Ralph Keller, to be allowed to use his prosthetic leg and to have a small

inhaler in his possession to undertake normal activities of daily living.  Plaintiff's

prosthetic leg consisted primarily of plastic was of relative light weight and had no

sharp edges that would pose a hazard. The prosthetic limb also was not visible if the

Plaintiff wore normal long pants.

2.     A.)  Defendant, **Chippewa County Board of** Commissioners is the

body responsible for governing **Chippewa County (**Hereinafter Chippewa

County) and is a "public entity" as defined by *42 U.S.C. § 12131(1)* and by the

Department of Justice's regulation implementing Title II, *28 C.F.R. § 35.104*.  The

Administrative Office for Chippewa County is located at 319 Court St, First Floor,

Sault Ste. Marie, MI 49783. This Defendant owns and operates the Chippewa

County Jail and is responsible for providing and maintaining accommodations and

establishing and maintaining policies, procedures and employee training for all

Chippewa County facilities, including the Chippewa County Jail.

B.)  Defendant, **Chippewa County Sheriff's Department** is a public

entity as defined by Title II of the ADA and by the Department of Justice's

regulation implementing Title II. *28 C.F.R. § 35.104* and is located at 325 Court St

#3, Sault Ste. Marie, MI 49783. This Defendant operates and maintains the

Chippewa County Jail and has supervisory control over its employees and jail

occupants including custodial control of the Plaintiff. Additionally, during

Plaintiff's incarceration, this Defendant also had full responsibility and a

constitutional obligation to provide for the health and safety of the Plaintiff. This

Defendant also was responsible for establishing and maintaining policies, procedures and deputy/employee training at the Chippewa County Jail.

C.)   The Defendants, individually and collectively, based on their supervisory, policy making and custodial control over the Plaintiff, Ralph Keller, made and enforced policies and enforced orders that prevented the Plaintiff, who willingly presented his prosthetic leg and inhaler  medical device to the Defendants for inspection,  from retaining his prosthetic leg and small inhaler device, which imposed no hardship or cost to the Defendants, without conducting any individual assessment of the Plaintiff and the surrounding facts and circumstances.

3.     The incidents giving rise to this litigation occurred in Sault Ste. Marie, Michigan within the jurisdiction of this Court during Plaintiff's incarceration within the **Chippewa County** Jail   The amount in controversy exceeds $75,000.00.

4.     This action arises pursuant to Title II of the Americans with Disabilities Act ("ADA") (*42 U.S.C. § 12131* et seq.) and Section 504 of the Rehabilitation Act of 1973 (*29 U.S.C. § 794* et seq) as interpreted and applied by relevant case law and regulations.

5.     Jurisdiction is conferred upon this Court pursuant to *28 U.S.C. § 1331* and *28 U.S.C. § 1343* because the matters in controversy arise under the laws of the United States and, thus, a federal question exists.

6.     Venue is proper in this Court and Division under *28 U.S.C. § 1391(b)* because the events that give rise to Plaintiff, **Ralf Keller's** claims took place within this Judicial District and Division and the Defendants were and are located within this Judicial District.

7.     The Defendants, jointly and severally, are responsible for the supervision, custody, safety and wellbeing of persons entering the Chippewa County Jail and had final policy making authority, direct supervisory custody and control over the Plaintiff who was a pre-hearing detainee incarcerated within the Chippewa County Jail.

8.     On or about January 16, 2016, Plaintiff entered the Chippewa County Jail and was denied the use of his prosthetic left leg and any alternative walking aid and was denied the possession and prescribed use of his small inhaler device necessary for maintenance of his breathing and a treatment aid for his COPD condition.  Plaintiff specifically requested the use of his prosthetic leg and his inhaler and explained the necessity of both for him to undertake the activities of daily living. No reason was given for the denial of the use of his prosthetic leg and inhaler. Plaintiff was never apprised of any ADA policy and no reasonable accommodations for Plaintiff was supplied or even offered.

9.     The Plaintiff was housed in a holding cell during his stay until he became bedridden due to an acute exacerbation of his COPD Condition. The

Holding Cell, which had only steel benches and other areas of the Chippewa

County Jail, in general, was constructed and provided services, such as meal

distribution, commode facilities and exercises, were designed for use by persons

who had two legs and were able to breathe normally. Consequently, it was

necessary for the Plaintiff to have the use of his prosthetic leg and inhaler for him

to effectively obtain his meals, comply with orders, have his meals, maintain

hygiene and otherwise have full access to the Chippewa County Jail facilities and

services.

10.    The Defendants failed to make, or even attempt to make, any

meaningful, individualized assessment, sought no evidence from Plaintiff or

otherwise, considered no objective evidence and never considered allowing

Plaintiff, who was wearing long pants, the reasonable accommodation of the use of

his prosthetic leg and breathing aid. The effects of the denial

### COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

11.    Plaintiff repeats and realleges and incorporates, as though fully set

forth herein, each allegation contained above.

12.    Defendants' conduct, as described in this Complaint, constitutes

discrimination based on disability in violation of Title I of ADA, *42 U.S.C. §*

*12111*, *et seq.*, and its implementing regulations, *29 C.F.R. Part 1630*, *et seq.*,

Defendants' discriminatory conduct caused Plaintiff, to suffer damages and he

continues to suffer damages because of the discrimination.

13.    Plaintiff, Ralph Keller, is a small frail, non-violent man and the use of his

prosthetic leg and small inhaler posed no risk of harm to the security of the jail and

to other inmates and his long pants would have even prevented the prosthetic from

being noticed by other inmates. Plaintiff's placement in the holding cell assured

very close observation so there was no actual threat of harm.

14.    Under the circumstances of this case, allowing the Plaintiff to retain

his prosthetic leg would not have imposed any "undue financial and administrative

burdens" on Defendants and would not have created a significant health and safety

risk or been a direct threat to others. Nor did the removal of his prosthetic leg serve

any legitimate penological interests or require any alteration in the nature of the

Defendants' Chippewa County Jail facility and programs. Indeed, removal of his

prosthetic leg and inhaler medical device rendered the Plaintiff totally vulnerable

to assaultive conduct and to greatly more susceptible to falls and injury causing

Plaintiff to drastically limit all movement and interaction during his incarceration.

15.    Defendants had a duty pursuant to Title II of the ADA, **42 U.S.C. §**

**12132**, to the Plaintiff, who was a "qualified individual with a disability" to not be

excluded from the participation in or be denied the benefits of the services,

or activities of a public entity or be subjected to discrimination by Defendants.

16.   Defendants violated Plaintiff 's rights under Title II of the ADA by subjecting him to discrimination by removing his prosthetic leg and depriving him of the use of this prosthetic leg during his entire state in the Defendants' Chippewa County Jail facility and by not allowing the Plaintiff to retain the use of his breathing aid, the small inhaler device, which resulted in the severe exacerbation of his COPD condition and eventual hospitalization.

17.   Defendants had actual knowledge and their employees and agents could daily visibly observe the deleterious limiting effects of the removal of his artificial leg and inhaler as the Plaintiff was not able to function regarding his major life activities of breathing, standing, walking, moving, lifting, carrying, balancing and bending stated by way of example and not limitation. Nevertheless, Plaintiff's artificial leg and medical inhaler device was not returned to him for use. Based on this summary of relevant facts, the Defendants have discriminated against the Plaintiff pursuant to the Americans with Disabilities Act, based on the circumstances delineated herein individually and collectively.

## COUNT II

### VIOLATION OF THE REHABILITATION ACT

18.   Plaintiff repeats and realleges and incorporates, as though fully set forth herein, each and every allegation contained above.

19.   Section 504 of the Rehabilitation Act, ***29 U.S.C. § 794***, states

that "no otherwise qualified individual with a disability ... shall, solely by

reason of her or his disability, be excluded from the participation in, be

denied the benefits of, or be subjected to discrimination under any program

or activity receiving Federal financial assistance."

20.   As an inmate within Chippewa County Jail facility, Plaintiff was an

"otherwise qualified individual" with a disability under the Rehabilitation Act and

Defendants receive federal financial assistance. Each of the Defendants had a legal

duty to establish and implement procedures and plans to ensure that the Plaintiff

was provided his prosthetic leg and inhaler medical device as reasonable

accommodations.

21.   Defendants violated Plaintiff 's rights under Section 504 of the

Rehabilitation Act by subjecting him to discrimination based on the unexplained

and unconsidered denial of the use of his prosthetic leg and inhaler during the

entire period of his incarceration as more fully set forth above.

22.   Based on the circumstances, allowing the Plaintiff, Ralph Keller, to

retain and use his prosthetic leg and possession of his inhaler did not present a

direct threat to the health or safety as defined under the Rehabilitation Act.

23.    Based on a blanket policy, as promulgated and/or actually applied,

against allowing inmates to retain and use any prosthetic limb and breathing devise

Plaintiff received no individualized assessment of his specific situation to

determine whether he posed little to no risk to others and did not meant the

statutory level of "significant. "

24.    Defendants had actual knowledge and their employees and agents

could daily visibly observe the deleterious limiting effects of the removal of his

artificial leg and inhaler as the Plaintiff was not able to function regarding his

major life activities of breathing, standing, walking, moving, lifting, carrying,

balancing and bending stated by way of example and not limitation. Nevertheless,

Plaintiff's artificial leg and medical inhaler device were not returned to him for

use. Based on this summary of relevant facts and the circumstances delineated

herein, Defendants have violated the Rehabilitation Act, based on the

circumstances defined herein individually and collectively.

## CAUSATION AND DAMAGES

25.    As a direct and proximate result of the Defendants' violations of the

Plaintiff's rights protected by Title II of the Americans with Disabilities Act

("ADA") (*42 U.S.C. § 12131* et seq.) and Section 504 of the Rehabilitation Act of

1973 (*29 U.S.C. § 794* et seq)  the Plaintiff , Ralph Keller,  suffered injury and

damages including a worsening of his COPD medical conditions, impairment of

breathing, standing, walking and movement in general, sores and bruises, headaches,

depression, sleeplessness, embarrassment and humiliation, pain and suffering, mental

10

anguish, fright and shock, anxiety, nervousness,  denial of social pleasure and

enjoyment, forced medical hospitalization and increased medical expenses.


WHEREFORE, Plaintiff, Ralph Keller, respectfully requests this Honorable

Court order judgment against the Defendants in an amount that is fair and just in

accordance with the evidence produced at trial in an amount in excess of Seventy-

Five Thousand ($75,000.00) Dollars including interest,  costs, and statutory attorney

fees and other special fees such as expert witness fees as provided by the Americans

with Disability Act and the Rehabilitation Act and

Plaintiff further requests that 1) Defendants be ordered to discontinue the

Defendants' blanket policy of prohibiting prosthetic limbs to incoming nonviolent

inmates and that 2) Defendants be ordered to discontinue the Defendants' blanket

policy of prohibiting incoming nonviolent inmates with a severe COPD condition

from possession of inhaler devises and further 3) that Defendants' be ordered to

make individualized assessments of  all incoming inmates, who are qualified

persons with a disability to determine what accommodation or adaptive aides are

appropriate 4) and that the Court order such further relief as this Court deems

necessary and proper as the interests of justice require.

Respectfully submitted,


/S/ Frank G. Becker_____
Frank G. Becker (P25502)
Attorney for Defendant
18501 West Ten Mile Road
Southfield, Michigan 48075
(248) 789-2437
frankgbecker@yahoo.com


Dated: January 15, 2019